# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOU, | Case No. 1:23-cv-01495-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY PETITION AND DENY RESPONDENT'S MOTION TO DISMISS AS MOOT |
| v. | |
| WARDEN, | (ECF No. 15) |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On February 19, 2008, Petitioner was arrested by Pennsylvania state authorities for state charges of armed robbery and carjacking (occurring about August 1, 2007), resulting in Case No. CP-51-CR-5045-2008.[1] (ECF No. 15 at 2[2]; App. 1.[3]) On April 14, 2008, Petitioner was arrested by Pennsylvania state authorities for state charges of armed robbery and carjacking (occurring

---

[1] On November 17, 2008, the state of Pennsylvania declined prosecution of this matter. (App. 2, 29.)
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.
[3] "App." refers to the Appendix filed by Respondent on February 6, 2024. (ECF No. 15-1.) Appendix page numbers refer to the page numbers stamped at the bottom right corner.

1

about October 26, 2007), resulting in Case No. CP-23-MD-0001295-2008.[4] (ECF No. 15 at 2; App. 1.) On September 17, 2008, Petitioner was arrested by Pennsylvania state authorities for state charges of possession of contraband, resulting in Case No. CP-51-CR-4082-2009.

On November 14, 2008, Petitioner was taken into custody by the United States Marshal Service ("USMS"). (App. 2, 16.) On March 30, 2010, Petitioner was returned to Pennsylvania state authorities pursuant to a state writ of habeas corpus. (App. 2, 16.) On April 7, 2010, Petitioner was sentenced in Court of Common Pleas of Philadelphia County, Pennsylvania Case No. CP-51-CR-4082-2009 to an imprisonment term of three to twenty-three months with credit for time served. The judgment ordered immediate parole of Petitioner. (App. 2, 43.) Petitioner remained in custody on his federal detainer, and on June 2, 2010, Petitioner returned to USMS custody. (App. 2, 16.)

On June 11, 2010, Petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to a 300-month term of imprisonment for conspiracy to commit carjacking, armed carjacking, and using and carrying a firearm during a crime of violence. (App. 2, 46–47.) On March 16, 2019, Petitioner was sentenced in the United States District Court for the Southern District of Mississippi to a one-day term of imprisonment for possession of contraband in prison, to run concurrently with his existing federal sentence. (App. 2, 53–54.)

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 2.) On October 16, 2023, Petitioner filed the instant petition for writ of habeas corpus, asserting that the sentence he is serving is unlawful and being carried out by the Federal Bureau of Prisons ("BOP") in a manner that exceeds the statutory limit. (Id. at 3.) On February 6, 2024, Respondent filed a motion to dismiss the petition for failure to exhaust administrative remedies. In addition, Respondent argues that Petitioner is not entitled to relief on the merits. (ECF No. 15.) To date, Petitioner has not filed an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

///

///

---

[4] On October 9, 2009, the state of Pennsylvania declined prosecution of this matter. (App. 2, 8.)

## II.

## DISCUSSION

Petitioner asserts that his federal sentence should have commenced on February 19, 2008, and that he is missing twenty-three months of credit. (ECF No. 1 at 3.) Respondent argues that the disputed period in question was credited towards Petitioner's state possession of contraband sentence and Petitioner is not entitled to double credit. (ECF No. 15 at 4–5.) The Court notes that although Petitioner asserts that he is missing twenty-three months of credit, the time period in dispute is shorter because the BOP has applied credit from February 19, 2008 through September 16, 2008, and from April 8, 2010 through June 10, 2010. (App. 3.) Therefore, the time period in dispute is from September 17, 2008 through April 7, 2010.

Section 3585 provides in pertinent part:

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

   (1) as a result of the offense for which the sentence was imposed; or

   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). Accord Schleining v. Thomas, 642 F.3d 1242, 1245 n.2 (9th Cir. 2011) ("18 U.S.C. § 3585(b) allows the BOP to grant a federal prisoner credit for time spent in state or federal custody before imposition of his federal sentence, but only if that term of pre-sentence imprisonment '*has not been credited against another sentence.*'").

Here, the time period at issue was already credited against Petitioner's state sentence. Therefore, 18 U.S.C. § 3585(b) precludes the BOP from crediting those months against Petitioner's federal sentence, and § 3585(b) does not authorize a district court to award credit at sentencing. See United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."); id. at 333 ("We do not accept Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing.").

3

1    To the extent Petitioner argues that the federal sentencing judge indicated that Petitioner's sentence would commence on February 19, 2008, "under § 3585(a), '[a] sentence to a term of imprisonment commences on the date' that the federal government has primary jurisdiction[5] over a defendant who is 'received in custody awaiting transportation to' the official detention facility." Johnson v. Gill, 883 F.3d 756, 764 (9th Cir. 2018) (alteration in original). "Any statement by the court prescribing when a sentence will begin to run is mere surplusage." Taylor v. Reno, 164 F.3d 440, 445 (9th Cir. 1998) (citing Scott v. United States, 434 F.2d 11, 21 (5th Cir. 1970)). "Because [Pennsylvania] already credited all the time [Petitioner] was in custody from [September 17, 2008] until he was released [on April 7, 2010], if [Petitioner]'s federal sentence commenced in [February 2008], then all the time he spent in state custody from that date would also be credited to his federal sentence. This result would frustrate Congress's chosen sentencing scheme." Johnson, 883 F.3d at 768 n.14.

Accordingly, the Court finds that Petitioner is not entitled to habeas relief. In light of this conclusion, the Court declines to address Respondent's argument that the petition should be dismissed for failure to exhaust administrative remedies and will recommend that the motion to dismiss be denied as moot.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED and Respondent's motion to dismiss be DENIED as MOOT.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

---

[5] "[T]he first sovereign to arrest a defendant obtains primary jurisdiction over him as against other sovereigns." Johnson v. Gill, 883 F.3d 756, 761 (9th Cir. 2018) (citing Ponzi v. Fessenden, 258 U.S. 254, 260 (1922)). "The term 'primary jurisdiction' in this context refers to the determination of priority of custody and *service of sentence* between state and federal sovereigns." Taylor v. Reno, 164 F.3d 440, 444 n.1 (9th Cir. 1998) (emphasis added) (citing United States v. Warren, 610 F.2d 680, 684 (9th Cir. 1980)). Here, there does not appear to be a dispute that the state of Pennsylvania had primary jurisdiction over Petitioner during the time period in question.

Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 12, 2024**

UNITED STATES MAGISTRATE JUDGE