UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Defendant. | Case No.: 1:21-cv-01495 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING THE PETITION, DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 15, 17) |

James Dou is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting the sentence he is "serving is unlawful and being carried out by the Bureau of Prison[s] exceed[s] the statutory limit." (Doc. 1 at 3.) Respondent moved to dismiss the petition, asserting the BOP's calculation authority is limited and the petition should be dismissed for failure to exhaust administrative remedies. (Doc. 15.)

The magistrate judge evaluated the merits of the petition, and determined the BOP was precluded from crediting the time identified by Petitioner against his federal sentence. (Doc. 17 at 3.) In addition, the magistrate judge observed that the district court is not authorized "to award credit at sentencing." (*Id.*, citing *United States v. Wilson*, 503 U.S. 329, 337 (1992).) The magistrate judge found that "Petitioner is not entitled to habeas relief," and recommended the petition be dismissed. (*Id.* at 4.) Based upon this finding, the magistrate judge "decline[d] to address Respondent's argument that the petition should be dismissed for failure to exhaust administrative remedies," and

recommended the motion be denied as moot. (*Id.*

Petitioner filed timely objections to the Findings and Recommendations. (Doc. 18.) Petitioner asserted that Respondent did not serve him with the motion to dismiss the petition for failure to exhaust administrative remedies, and "for such reason Petition[er] did not respond to the government motion to dismiss." (*Id.* at 1.) The magistrate judge did not address the merits of the motion to dismiss. As a result, Petitioner did not suffer any prejudice from the reported lack of service. In addition, Petitioner does not dispute—or otherwise respond to—the finding of the magistrate judge that he is not entitled to habeas relief on his claims. (*See* Doc. 18.) Thus, Petitioner did not identify any error in the magistrate judge's analysis.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see also Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 12, 2024 (Doc. 17) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DENIED**.
3. Respondent's motion to dismiss (Doc. 15) is **DENIED** as moot
4. The Clerk of Court is directed to enter judgment and close the case.
5. In the event a notice of appeal is filed, a certificate of appealability is not required.

IT IS SO ORDERED.

Dated: __August 8, 2024__                                     _Jennifer L. Thurston_
                                                                                        UNITED STATES DISTRICT JUDGE